UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA

www.flsb.uscourts.gov

**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ ______ Original Plan

☐ ______ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

☒ SIXTH MMM Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Christian F. Ruiz JOINT DEBTOR: ______ CASE NO.: 25-21702-SMG

SS#: xxx-xx- 9838 SS#: xxx-xx-______

## I. NOTICES

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans must be served on all creditors as required by Local Rule 2002-1(b) and a certificate of service must be filed as required by Local Rule 9036-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

To Creditors: Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

To All Parties: The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ☒ Not included |
| Nonstandard provisions, set out in Section IX | ☒ Included | ☐ Not included |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

A. **MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $2,217.68 for months 1 to 11 ;
2. $7,075.06 for months 12 to 12 ;
3. $5,362.96 for months 13 to 60 ;

B. **DEBTOR(S)' ATTORNEY'S FEE:** ☐ NONE ☐ PRO BONO

Total Fees: $11,200.00 Total Paid: $4,000.00 Balance Due: $7,200.00

Payable $102.95 /month (Months 1 to 11 )

Payable $2,737.26 /month (Months 12 to 12 )

Payable $1,180.81 /month (Months 13 to 14 )

Payable $968.62 /month (Months 15 to 15 )

Allowed fees under Local Rule 2016-1 are itemized below:
MMM Safe Harbor: $5,000.00 Attorney's Fees + $200.00 Costs + $2,500.00 1st MMM Fee + $100 Costs + $2,500.00 2nd MMM Fee + $100 Costs + $800 Motion to Modify = $11,200.00

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS ☐ NONE

A. **SECURED CLAIMS:** ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1. Creditor: Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust X-C / FCI Lender Services, Inc. [POC#18]

Address: Attn Legal
Correspondence Center
700 Kansas Ln
Mail Code La4-7200
Monroe LA 71203-0000

Last 4 Digits of Account No.: 1264

| | | | |
|---|---|---|---|
| Arrearage/ Payoff on Petition Date | $54,438.70 | | |
| MMM Adequate Protection | $1,171.51 | /month (Months 1 to 11 ) | |
| Regular Payment (Maintain) | $2,597.39 | /month (Months 12 to 60 ) | |
| Arrears Payment (Cure) | $0.00 | /month (Months 1 to 11 ) | |
| Arrears Payment (Cure) | $50.00 | /month (Months 12 to 14 ) | |
| Arrears Payment (Cure) | $262.19 | /month (Months 15 to 15 ) | |
| Arrears Payment (Cure) | $1,200.59 | /month (Months 16 to 60 ) | |

Other: Reg payment is $2335.98 * 60 = $140,158.80

■ Real Property
■ Principal Residence
☐ Other Real Property

Check one below for Real Property:
■ Escrow is included in the regular payments
☐ The debtor(s) will pay ☐ taxes ☐ insurance directly

Address of Collateral:
81 Via Firenza Way
Davie, FL 33325

☐ Personal Property/Vehicle

Description of Collateral:

2. Creditor: Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust X-C / FCI Lender Services, Inc. [POC#18]

Address: Attn Legal
Correspondence Center
700 Kansas Ln
Mail Code La4-7200
Monroe LA 71203-0000

Last 4 Digits of Account No.: 1264

| | | |
|---|---|---|
| Arrearage/ Payoff on Petition Date | $525.00 | |
| Payoff (Including 0% monthly interest) | $0.00 | /month (Months 1 to 11 ) |
| Payoff (Including 0% monthly interest) | $10.71 | /month (Months 12 to 60 ) |

Other: Amended Notice of Postpetition Mortgage Fees, Expenses and Charges filed on 6.5.26

■ Real Property
■ Principal Residence
☐ Other Real Property

Check one below for Real Property:
☐ Escrow is included in the regular payments
☐ The debtor(s) will pay ☐ taxes ☐ insurance directly

Address of Collateral:
81 Via Firenza Way
Davie, FL 33325

☐ Personal Property/Vehicle

Description of Collateral:

3. Creditor: CCO Mortgage Corp. / Citizens Bank (2nd Mortgage) [POC#15]

Address: 10561 Telegraph Rd
Glen Allen, VA 23059

Last 4 Digits of Account No.: 6359

| | | |
|---|---|---|
| Arrearage/ Payoff on Petition Date | | |
| MMM Adequate Protection | $800.26 | /month (Months 1 to 11 ) |
| MMM TPP Temporary Payment | $1,025.80 | /month (Months 12 to 60 ) |

Other: TPP $1,025.80

■ Real Property
■ Principal Residence
☐ Other Real Property

Check one below for Real Property:
☐ Escrow is included in the regular payments
☐ The debtor(s) will pay ☐ taxes ☐ insurance directly

Address of Collateral:
81 Via Firenza Way
Davie, FL 33325

☐ Personal Property/Vehicle

Description of Collateral: ______

4. Creditor: CCO Mortgage Corp. / Citizens Bank (2nd Mortgage) [POC#15]

Address: 10561 Telegraph Rd
Glen Allen, VA 23059

Last 4 Digits of Account No.: 6359

Arrearage/ Payoff on Petition Date $525.00

Payoff (Including 0% monthly interest) $0.00 /month (Months 1 to 11 )

Payoff (Including 0% monthly interest) $10.71 /month (Months 12 to 60 )

Other: Notice of Postpetition Mortgage Fees, Expenses and Charges filed on 12.29.25

■ Real Property
■ Principal Residence
☐ Other Real Property

Check one below for Real Property:
☐ Escrow is included in the regular payments
☐ The debtor(s) will pay ☐ taxes ☐ insurance directly

Address of Collateral:
81 Via Firenza Way
Davie, FL 33325

☐ Personal Property/Vehicle

Description of Collateral: ______

**B. VALUATION OF COLLATERAL:** ■ NONE

**C. LIEN AVOIDANCE** ■ NONE

**D. SURRENDER OF COLLATERAL:** ☐ NONE

The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Secured claims filed by any creditor granted stay relief in this section will not receive a distribution from the chapter 13 trustee. The requirements of Fed. R. Bankr. P. 3002.1 will cease to apply to any claim listed in this section upon confirmation of this plan.

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | BMW Bank of North America c/o AIS Portfolio Services, LLC [POC#7] | 4288 | 2020 BMW X7 xDrive 40i VIN: 5UXCW2C03L9C83885 |
| 2. | Truist Financial [POC#6] | 5711 | 2024 Ford Mustang VIN: 1FA6P8TH1R5112057 |

**E. DIRECT PAYMENTS** ☐ NONE

The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights. Secured claims filed by any creditor granted stay relief in this section will not receive a distribution from the chapter 13 trustee. The requirement of Fed. R. P. 3002.1 will cease to apply to any claim listed in this section upon confirmation of this plan.

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | World Omni Financial Corp. / Southeast Toyota Finance [POC#5] | 2472 | 2021 Toyota Venza VIN: JTEAAAAH8MJ078078 |

**IV. TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)] ■ NONE

**V. TREATMENT OF UNSECURED NONPRIORITY CREDITORS** ☐ NONE

**A.** Pay $0.00 /month (Months 1 to 15 )

Pay $29.11 /month (Months 16 to 60 )

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

**B.** ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

**C.** SEPARATELY CLASSIFIED: ▣ NONE

**VI. STUDENT LOAN PROGRAM** ▣ NONE

**VII. EXECUTORY CONTRACTS AND UNEXPIRED LEASES** ▣ NONE

**VIII. INCOME TAX RETURNS AND REFUNDS:**

▣ Debtor(s) will not provide tax returns unless requested by any interested party pursuant to 11 U.S.C. § 521.

**IX. NON-STANDARD PLAN PROVISIONS** ☐ NONE

▣ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

Lanning:
Explain the changed circumstances, delineate the changes to lines below to reflect the new net income amount. Recalculate line 44 accordingly. Amend line 45. This is the new disposable income calculation. **Do not amend the CMI Form. Only provide the changes in Other Provisions of the Plan.**
The new gross income on line 11 is $8,466.66. The new tax deduction on line 16 is $1,074.02. The new insurance deductions on line 22 are $0.00 (if applicable). The new qualified retirement deductions on line 17 are $0.00 (if applicable). The total of all deductions on line 42 is now $9,303.80. The new monthly disposable income on line 45 is now $-953.81 (negative).

The Debtor was in an MMM procedure for the first mortgage, but that mediation was denied. He is now in a cure and maintain position with $54,438.70 to be cured in the plan. The arrears payments are now approximately $1,100.00 a month and regular payments are now $2,447.54 a month. Thus, the Debtor is now surrendering the Ford Mustang as this plan states as he cannot afford to maintain the vehicle. The Debtor is negative on CMI as shown above without the Ford Mustang payment and even assumingly without the Toyota Venza which he is actually still paying for.

▣ Mortgage Modification Mediation

1 The debtor has filed a Verified Motion for Referral to MMM with:

Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust X-C /("Lender") FCI Lender Services, Inc. [POC#18]

loan number 1264

for real property located at 81 Via Firenza Way Davie, FL 33325

2 The debtor has filed a Verified Motion for Referral to MMM with:

CCO Mortgage Corp. / Citizens Bank [POC#15] ("Lender")

loan number 2938000156359

for real property located at 81 Via Firenza Way Davie, FL 33325

The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; or (b) provide that the real property will be "treated outside the plan." If the property is "treated outside the plan," the lender will be entitled to in rem stay relief to pursue available state court remedies against the property. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim.

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| Debtor | Date | Joint Debtor | Date |
|---|---|---|---|
| Christian F. Ruiz | | | |

/s/ Jose A. Blanco, Esq. September 1, 2026

Attorney with permission to sign on Debtor(s)' behalf who certifies that the contents of the plan have been reviewed and approved by the Debtor(s).[1] Date

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.**

[1] This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.